UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROBERT K. WEST,** | ) |
| | ) |
| Plaintiff, | ) Case No. 3:12-cv-00785-SI |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Richard F. McGinty, McGinty & Belcher, Attorneys, P.O. Box 12805, Salem, OR 97301. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; David Morado, Regional Chief Counsel, Region X, and Roberta G. Bowie, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 1301 Young Street, Suite A-702, Dallas, TX 75202.  Attorneys for Defendant.

**SIMON, District Judge**.

Robert West seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Because the Commissioner's decision was supported by substantial evidence, the decision is AFFIRMED.

## I.    BACKGROUND

### A.    The Application

Mr. West is a 49 year-old man with a high school education and some college. Tr. 46. His employment history includes work as a floor covering contractor and utility worker. Tr. 17. He filed an application for DIB and SSI on August 24, 2009, alleging disability due to arthritis in his hip, spine, shoulder, and ankle, and an elbow injury. Tr. 143. The Commissioner denied Mr. West's application initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 89. After an administrative hearing was held on July 19, 2011, the ALJ found Mr. West not to be disabled. Tr. 18. The Appeals Council denied Mr. West's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-3. Mr. West now seeks judicial review of that decision.

### B.    The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§ 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

      5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

      The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.    The ALJ's Decision

      The ALJ performed the sequential analysis. At step one, the ALJ found that Mr. West had not engaged in substantial gainful activity since April 1, 2008. Tr. 13. At step two, the ALJ concluded that Mr. West's degenerative disc disease of the cervical spine and ankle arthritis were severe impairments. Tr. 13-14. At step three, the ALJ determined that Mr. West did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 14.

The ALJ next assessed Mr. West's residual functional capacity ("RFC") and found that he could perform a range of light work with the exceptions that he only occasionally reach overhead and shoulder heights and that he avoid exposure to hazards. Tr. 14-17. At step four, the ALJ found that Mr. West was unable to perform any past relevant work. Tr. 17. At step five, based on the testimony of a vocational expert ("VE"), the ALJ concluded that Mr. West could perform jobs such as food preparation worker, light housekeeper, and cashier. Tr. 17-18. The ALJ thus ruled that Mr. West was not disabled. Tr. 19

## II. STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court may not affirm the Commissioner on a ground upon which

the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

### III.    DISCUSSION

Mr. West argues that the ALJ erred by: (1) improperly rejecting the opinion of a chiropractor, Dr. Kenneth Kelley; (2) improperly rejecting Mr. West's subjective symptom testimony; and (3) improperly rejecting lay testimony from Mr. West's father, W. Raymond West.  The Court finds that the ALJ's decision was supported by substantial evidence in the record and accordingly affirms the Commissioner's decision.

**A.    Dr. Kelley's Opinion**

An ALJ must determine the weight to give each source of evidence. 20 C.F.R. § 404.1527(d), (f). The Code of Federal Regulations distinguishes between opinions from "acceptable medical sources" and those from "other sources."  20 C.F.R. §§ 404.1513(a) and (d), 416.913(a) and (d).  Opinions from "acceptable medical sources"—such as licensed medical doctors—may generally be accorded more weight than those from "other sources"—such as chiropractors, like Dr. Kelley. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir.1996); 20 C.F .R. § 404.1513.  An ALJ may wholly or partially discount the opinion of any source, but the regulations and Ninth Circuit case law establish specific standards that an ALJ must apply in order to do so. *See Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993) (standards for evaluating "other sources"). Because "other sources" are treated like lay witnesses, the ALJ may discredit their opinions by providing a "germane reason." *Turner v. Comm'r,* 613 F.3d 1217, 1224 (9th Cir. 2010) (explaining that an ALJ need only provide germane reasons to disregard lay witness testimony from "other sources"); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (same); SSR 06-03p at *3, *6 (same).

Mr. West argues that the ALJ did not provide legally sufficient reasons for rejecting Dr. Kelley's opinion. The Court rejects that argument. Dr. Kelley began treating Mr. West in 2009. Tr. 221. Dr. Kelley interpreted x-ray imaging of Mr. West's spine and stated that Mr. West had impairments in the cervical and thoracic spine. Tr. 256. Dr. Kelley also stated that Mr. West can perform light work, standing or walking three hours in an eight-hour workday, and sitting three hours in an eight-hour workday. Tr. 250-252.

The ALJ found that Dr. Kelley's opinion was inconsistent with other evidence in the record, and the ALJ assigned it no weight. Tr. 16. Specifically, Dr. Kelley's assessment was controverted by the opinion of consulting physician Dr. David Stenstrom, who examined Mr. West on October 3, 2009. Tr. 234. Dr. Stenstrom opined that Mr. West has "no limitations on the number of hours [he] could be expected to stand and walk in an eight-hour workday." Dr. Stenstrom also opined that Mr. West had "[n]o limitations on maximum sitting capacity by objective findings[,]" "no postural limitations[,]" the ability to "frequently [lift] 10 pounds[,]" an "[o]ccasional limitation on reaching secondary to neck problems[,]" and a limitation "from working at heights and working around heavy machinery." Tr. 238. As a licensed medical doctor, Dr. Stenstrom is an "acceptable medical source" under 20 C.F.R. § 404.1513(a)(1), and his opinion is thus entitled to greater weight than Dr. Kelley's. *See Gomez*, 74 F.3d at 970. Dr. Stenstrom's opinion provided a germane reason for rejecting Dr. Kelley's assessment of Mr. West's limitations.

The ALJ also found that Mr. Kelley's opinion was controverted by the state's examining physician, Dr. Martin Kehrli. Tr. 16-17. Dr. Kehrli is also an "acceptable medical source" under 20 C.F.R. § 404.1513(a)(1) and is properly accorded greater weight than the opinion of a chiropractor, Dr. Kelley. *See Gomez*, 74 F.3d at 970. Dr. Kehrli determined that Mr. West had

the ability frequently to lift ten pounds; occasionally to lift twenty pounds; and to sit, stand, or walk about six hours a day. Tr. 243. Thus, the ALJ gave germane reasons for rejecting Mr. Kelley's opinion in favor of the opinions of both Drs. Kehrli and Stenstrom.[1] *Turner,* 613 F.3d at 1224. That decision is therefore affirmed.[2]

**B.    Mr. West's Testimony**

The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036. It is "not

---

[1] Mr. West argues that the ALJ ignored "competent evidence supportive of [Mr. West's] disability and addresse[d] only limited findings" by failing to discuss in detail Dr. Kelley's interpretation of the x-ray imaging of Mr. West's spine. Pl. R. Br. 5. The Court rejects this argument because the ALJ expressly considered this evidence. Tr. 15.

[2] Mr. West argues in his Reply Brief that the ALJ's findings in the RFC are inconsistent with Dr. Stenstrom's opinion in the record. Pl. R. Br. 7. The Court disagrees. Dr. Stenstrom found that Mr. West was limited to occasionally lifting ten pounds. The ALJ assigned an RFC to Mr. West that included "light work," which includes lifting "no more than 20 pounds." Tr. 14; 20 C.F.R. §§ 404.1567(b), 416.967(b). This imposition of an upper limit on weight lifting is not materially inconsistent with the assessment that Mr. West can only lift ten pounds. Moreover, Dr. Kehrli opined that Mr. West could occasionally lift twenty pounds. Tr. 243.

Page 8 – OPINION AND ORDER

sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

      The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities and work history. *Smolen*, 80 F.3d at 1284. The ALJ may also consider observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Id*. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment other than medication the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* Social Security Ruling 96-7p, *available at* 1996 WL 374186.

      Further, the Ninth Circuit has said that an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the reputation for lying, prior inconsistent statements concerning the symptoms . . . other testimony by the claimant that appears less than candid [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a negative credibility

Page 9 – OPINION AND ORDER

finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Mr. West argues that the ALJ improperly rejected his subjective symptom testimony because his reasoning lacked "the specificity the law requires." Pl. Br. 12. The Court disagrees. Mr. West stated that he was "very restricted" regarding lifting, squatting, bending, reaching, walking, sitting, kneeling, stair climbing, completing tasks, and using his hands. Tr. 159. Mr. West also testified that he was in "constant pain." Tr. 143. The ALJ gave specific, clear and convincing reasons for discounting this testimony.

First, objective medical evidence in the record contradicts Mr. West's statements regarding his subjective symptoms. *See Smolen*, 80 F.3d at 1284 (the ALJ may consider objective medical evidence and the claimant's treatment history in his credibility determination). The ALJ discussed an October 3, 2009 examination conducted by Dr. Stenstrom that revealed that Mr. West could "transfer easily from the chair to the exam table, walk and take off his shoes without difficulty, and sit comfortably." Tr. 16. Dr. Stenstrom's examination also revealed that Mr. West "had 5/5 motor strength, and . . . had an ability to grip and hold objects. Tr. 236-239. This evidence suggests that Mr. West was not as physically restricted as alleged. His overall lack of difficulty during the examination also suggests that his testimony regarding "constant pain" was exaggerated. The ALJ thus provided a clear and convincing reason for rejecting Mr. West's testimony. *Lingenfelter*, 504 F.3d at 1036.

Second, the ALJ found that Mr. West performed a full range of daily activities that were inconsistent with his alleged limitations. Tr. 16. Daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Mr. West reported that he did yard work; had no problems with personal

Page 10 – OPINION AND ORDER

care; prepared simple and barbequed meals; did household chores, such as sweeping, mopping, and cleaning the dishes; drove a vehicle; took care of his pets; and shopped in stores. Tr. 48-49, 53, 155-57. These activities are inconsistent with the degree of physical limitation Mr. West alleged because they all involve physical dexterity and exertion including standing, sitting, crouching, reaching, and walking. This was a clear and convincing reason for rejecting Mr. West's specific testimony with respect to pain and physical limitations. *Dean v. Comm'r*, 2013 WL 98546 at *1 (9th Cir. Jan. 9, 2013) (unpublished) (ALJ's finding that claimant could "perform a full range of daily activities which is inconsistent with the nature, severity and subjective complaints of the complaint" was a clear and convincing reason to discredit claimant's testimony).

Finally, Mr. West's testimony was inconsistent with his own prior statements. *See Smolen*, 80 F.3d at 1284 (the ALJ "may consider . . . ordinary techniques of credibility evaluation, such as . . . prior inconsistent statements concerning . . . symptoms"). For example, although Mr. West claimed to be "very restricted" with respect to stair climbing, he reported to Dr. Stenstrom that he could "climb a flight of stairs with no problems." Tr. 159, 235. This consideration supports the ALJ's finding regarding Mr. West's credibility. *See, e.g., Smolen*, 80 F.3d at 1284 (the ALJ may use normal techniques of credibility evaluation in assessing a claimant's testimony). In sum, because the ALJ made specific findings of inconsistencies within the record and explained his conclusion with respect to Mr. West's credibility based on these inconsistencies, he provided clear and convincing reasons for rejecting his testimony. *See Smolen*, 80 F.3d at 1284. The Court affirms the ALJ's credibility determination.

**C.    Lay Testimony of W. Raymond West**

Page 11 – OPINION AND ORDER

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. § 404.1513(d); *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). The ALJ must provide "germane reasons" when rejecting lay testimony. *Molina*, 674 F.3d at 1114. The ALJ, however, is not required to address each witness "on an individualized witness-by-witness basis" and may reject lay testimony predicated upon reports of a claimant properly found not credible. *Id*.

Mr. West argues that the ALJ gave insufficient weight to the testimony of Mr. West's father, W. Raymond West. Raymond West testified that his son experiences limitations in his ability to squat, bend, stand, walk, sit, kneel, complete tasks, and use his hands. Tr. 167. He also testified that his son experiences "extreme pain" when attempting these activities. *Id*. The ALJ assigned little weight to this testimony, stating "objective medical evidence of record fails to support it." Tr. 16.

Under *Bruce v. Astrue*, the ALJ may not reject lay testimony merely because it is uncorroborated by the objective evidence. 557 F.3d 1113, 1116 (9th Cir. 2009). The ALJ, however, may reject lay testimony if she provides "arguably germane reasons" supported by substantial evidence, even if those reasons are not clearly linked to the ALJ's determination. *Lewis*, 236 F.3d at 512. Here, the ALJ provided a germane reason to reject Raymond West's testimony. That testimony was contradicted by evidence that the Plaintiff exhibited no physical difficulties during his exam with Dr. Stenstrom. Tr. 235-38. The ALJ made findings that were "arguably germane reasons" for rejecting Raymond West's testimony. The ALJ thus had legally sufficient reason to reject that testimony, and the Court therefore must uphold his decision. *See Carmickle,* 533 F.3d at 1162.

Mr. West also argues that the "mere fact that [he] engaged in one time behavior of such a superficial exertional nature in no way detracts from [his] allegations of disability." Pl. R. Br. 9.

The Court rejects this argument. Even if Mr. West offers an alternate, rational interpretation of the evidence, the Court must uphold the ALJ's decision if it is rational. *Andrews*, 53 F.3d at 1039-40 (the ALJ's decision must be affirmed if the record contains "relevant evidence [that] a reasonable mind might accept as adequate to support [the ALJ's] conclusion"); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ's decision is rational.

## IV.    CONCLUSION

The ALJ provided legally sufficient reasons for rejecting Dr. Kelley's opinion, and for discrediting testimony from Mr. West and from his father, Raymond West. The Commissioner's decision that Mr. West is not disabled was supported by substantial evidence in the record and is therefore AFFIRMED.

DATED this 15th day of March, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
